UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00060-TBR


KENNETH WATTS                                                    Plaintiff

v.

LYON COUNTY AMBULANCE SERVICE, *et al.*                    Defendants


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Kenneth Watts' Motion to Alter or Amend Judgment. (Docket No. 64.) Defendants have not yet responded, and the time to do so has not yet passed. However, the Court need not await Defendants' response to consider Watts' Motion.

On June 2, 2014, the Court entered a Memorandum Opinion and separate Judgment granting Defendants' Motion for summary Judgment and entering judgment in their favor on each of Watts' remaining claims. (Docket Nos. 61 & 62.) In specifically addressing Watts' tortious-interference-with-a-contract claim, the Court wrote:

> Watts alleges that Murphy, acting alone or in concert with the other Defendants, "intentionally, unlawfully, and without privilege interfered with Plaintiff's contract of employment." (Docket No. 58.) In support of this claim, Watts does little more than rehash his allegations relative to Murphy's phone conversation with Maki. (*See* Docket No. 58, at 49-52.)
>
> Kentucky law is clear that a tortious interference claim requires interference and improper conduct by a third party—that is, a party or its agent cannot interfere with that party's own contract. *See*

> *Harstad v. Whiteman*, 338 S.W.3d 804, 814 (Ky. Ct. App. 2011)
> ("Agents of a party to a contract . . . cannot interfere with that
> party's contract."); *see also AMC of Louisville, Inc. v. Cincinnati
> Milacron Inc.*, 2000 WL 33975582, at *5 (W.D. Ky. Jan. 25, 2000)
> ("Kentucky's courts have not recognized a claim against a
> Defendant for interfering with its own contract . . . ."). It is
> undisputed that Watts was employed by the Ambulance Service
> Board. It also is undisputed that Murphy was the Board's chairman
> and Defendants Young, Gilland, Denney, and Sims were members
> of the Board. As such, Murphy and the other Defendants clearly
> were agents of the Board, the party to Watts' claimed contract of
> employment. It follows that Defendants could not have tortiously
> interfered with any contract between Watts and the Board. Thus,
> no claim for tortious interference exists.

(Docket No. 61, at 31-32.)

Watts now moves the Court to reconsider that its decision relative to his tortious-interference-with-a-contract claim against Defendant Rod Murphy, individually. (Docket No. 64, at 1.) Watts does not identify the basis for his instant Motion. Given that this Motion was filed less than two weeks after the Court entered Judgment on June 2, the Court will construe it as seeking relief under Federal Rule of Civil Procedure 59(e).

The Sixth Circuit its lower courts have consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *Derby City Capital, LLC v. Trinity HR Servs.*, 949 F. Supp. 2d 712, 746 (W.D. Ky. 2013) (quoting *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008)). "It is not the function of a

motion to reconsider arguments already considered and rejected by the court." *Id.* (citing *White*, 2008 WL 782565, at *1). As this Court has recognized on numerous occasions, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *E.g.*, *id.* (citation omitted). Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "such motions are extraordinary and sparingly granted." *Derby City Capital*, 949 F. Supp. 2d at 747 (alteration omitted) (quoting *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007)); *see also Encompass Indem. Co. v. Halfhill*, 2014 WL 1343392, at *2 (W.D. Ky. Apr. 3, 2014); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Watts' Motion does not warrant relief under Rule 59. The argument presented in Watts' instant Motion is lifted word-for-word from the argument he presented in his Response to Defendants' Motion for Summary Judgment. (*Compare* Docket No. 64, at 2-5, *with* Docket No. 58, at 49-52.) As such, he merely renews a line of argument that the Court already has considered and rejected. (*See* Docket No. 61, at 31-32.) As noted

above, "[w]here a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit," *Derby City Capital*, 949 F. Supp. 2d at 746, and, under the well-settled law of this Circuit, a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *e.g.*, *Whitehead*, 301 F. App'x at 489; *Engler*, 146 F.3d at 374, or otherwise to "merely restyle or rehash the initial issues," *Derby City Capital*, 949 F. Supp. 2d at 746.  Quite simply, "[i]t is not the function of a motion to reconsider arguments already considered and rejected by the court."  *Id.* (citation omitted).  Accordingly, the Court finds no basis to grant Watts the relief he presently seeks.

CONCLUSION

Therefore, having considered Watts' Motion and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Plaintiff Kenneth Watts' Motion to Alter or Amend Judgment, (Docket No. 64), is DENIED.

IT IS SO ORDERED.


Date:


cc:      Counsel